Acosta, J. (concurring).
Although I agree with the majority’s holding, I write separately because I think it is important for the parties and the bar that we address the specific arguments raised on appeal. Specifically, defendants’ main argument on appeal is that Calcano v Rodriguez (91 AD3d 468 [2012]), which was decided after the motion court ruled on plaintiffs’ motion for partial summary judgment, dictates a different result in defendants’ favor. The issue, as raised by defendants on appeal, is whether a plaintiff has the burden to disprove an affirmative defense in order to make a prima facie showing of entitlement to summary judgment. I would hold that a plaintiff does not have that burden. Once a prima facie showing is made, the burden shifts to the defendant to raise issues of fact, such as by submitting evidence in support of an affirmative defense.
Initially, it should be noted that, contrary to defendants’ assertions, there was no evidence in admissible form suggesting that plaintiff was negligent. Thus, Calcano, assuming that it was correctly decided, is inapposite to the facts of this case.
In the alternative, however, I would hold that Calcano was wrongly decided and therefore cannot support defendants’ argument on appeal. In Calcano, a panel of this Court departed from our holding in Tselebis v Ryder Truck Rental, Inc. (72 AD3d 198 [2010]), where we held that a plaintiff may be entitled to summary judgment on the issue of liability, even if that plaintiff s own negligence is still an open question. In holding that a “plaintiff in a negligence action cannot obtain summary judgment as to liability if triable issues remain as to the plaintiff s own negligence and share of culpability for the accident” (91 AD3d at 468-469), Calcano cited to the Court of Appeals’ holding in Thoma v Ronai (82 NY2d 736 [1993]). Thoma, however, does not support such a broad holding. Rather, in Thoma, the Court of Appeals held that plaintiff’s concession that she did not observe the vehicle that struck her raised factual issues as to her reasonable care.
To be sure, the Court of Appeals held in Thoma that summary judgment on the issue of liability is unwarranted where there is a material issue of fact as to whether the plaintiff was negligent. However, nowhere in its decision did the Court say that a plaintiff has to disprove affirmative defenses in order to establish his or her entitlement to summary judgment. It simply *853 found that on the record before it, there was evidence of plaintiffs negligence.
Thus, I disagree with Calcano to the extent that it holds that “Thoma stands for the proposition that a plaintiff moving for summary judgment on the issue of liability in an action for negligence must eliminate any material issue, not only as to the defendant’s negligence, but also as to whether the plaintiff’s own comparative negligence contributed to the incident” (91 AD3d at 469 [emphasis added]).*
Calcano’s ruling not only creates confusion in this Department regarding a defendant’s burden in asserting the affirmative defense of comparative negligence (see e.g. Maniscalco v New York City Tr. Auth., 95 AD3d 510, 514 [2012, DeGrasse, J., dissenting in part]), but also fails to take into account the specific statutory mandate of CPLR 1412. CPLR 1412 unequivocally states that contributory negligence is an affirmative defense to be pleaded and proved by the defendant asserting it, and the plaintiff never has the burden to demonstrate that he or she is free from negligence once a defendant asserts the defense (see also Boulos v State of New York, 56 NY2d 714, 716 [1982, Fuchsberg, J., dissenting]). To require that a plaintiff demonstrate that he or she is free of comparative fault would render the statute meaningless and inconsistent with direct legislative guide (see 242 Siegel’s Practice Review, Conflict about Summary Judgment and Comparative Negligence is Resolved as First Department Adopts Second’s Ruling at 1 [Feb. 2012]).
I believe that my position is consistent with the Court of Appeals’ decision in Thoma. And I decline to read into the Court of Appeals’ decision something that is not there. Calcano’s unsigned memorandum decision departs from long-established case law and legislation mandating that the issue of plaintiff’s negligence is for the defendant to plead and prove (cf. Ortega v City of New York, 95 AD3d 125, 129 n [2012]).
Members of this Court must endeavor to give our precedent full effect whenever possible. However, we are obligated for the benefit of litigants and the bar to engage in analysis of issues properly framed for the Court, especially the Calcano issue, *854 which has resulted in discrepant decisions in this Department, with concomitant confusion to the bar.

 Indeed, in Thoma it was the plaintiffs own concession that she did not observe the vehicle that struck her that created an issue of fact as to her reasonable care. Again, the Court did not place on the plaintiff the burden of demonstrating that she was free of comparable fault (82 NY2d at 737). Likewise, in Calcano the plaintiff testified at his deposition that he did not see the defendant’s car prior to the accident. As such, a question of fact was raised regarding whether the plaintiff was negligent in failing to observe what should have been observed (91 AD3d at 472).